# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MALVIN CANADAY, )
)
        Petitioner, )
)
vs. ) Case No. 04-1126-CV-W-GAF-P
)
STEVE MOORE, )
)
        Respondent.

## ORDER DISMISSING CASE AS TIME BARRED

      Petitioner, who is confined at the Western Missouri Correctional Center in Cameron, Missouri, had Sylvester Roseburr bring his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the Clerk of this Court for filing on December 13, 2004. Petitioner challenges his 2001 convictions and sentences for one count of first degree statutory rape, two counts of first degree statutory sodomy, two counts of misdemeanor sexual misconduct, and one count of misdemeanor furnishing pornographic material to a minor, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner received concurrent terms of ten years , ten years, ten years, one year, one year, and one year of imprisonment on July 13, 2001. Doc. No. 4, p. 3 and Respondent's Exhibit B, p. 86.

      Respondent contends that the petition should be dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d) because more than one year passed from the date that petitioner was sentenced on July 13, 2001, and December 13, 2004, the date petitioner filed this federal petition and because the one-year statute of limitation was tolled during that time only while petitioner's post-conviction was pending from September 11, 2001, through December 16, 2003. Respondent contends that petitioner is not entitled to tolling while petitioner's state habeas corpus petition was pending from August 16, 2004, through October 1, 2004, because that petition was not "properly filed" and because petitioner

did not exhaust state appellate remedies as to the state habeas corpus petition.

Petitioner replies that he had a year from December 16, 2003, to file his federal habeas corpus petition. Petitioner does not contest respondent's argument that petitioner's state habeas corpus petition was not properly filed under Section 2244(d)(2) and that petitioner had not exhausted appellate state court remedies as to his state habeas petition.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Under Missouri law, "[a] judgment in a criminal case . . . becomes final for purposes of appeal when a sentence is entered, and an appeal must be filed within 10 days thereafter." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993) (citations omitted). Because petitioner was sentenced on July 13, 2001, his conviction became final on July 23, 2001, when the time for seeking direct review thereof expired pursuant to Mo. Sup. Ct. R. 30.01(d).

Fifty (50) days passed between the expiration of time for seeking direct review on July 23, 2001, and the filing of the Rule 24.035 motion on September 11, 2001. In Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 855 (8th Cir.), cert. denied, 124 S. Ct. 837 (2003),the Eighth Circuit Court of Appeals ruled that the time between the date direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year statute of limitations for filing a petition for federal habeas relief. As the Eighth Circuit specifically has held, "[t]he term 'pending' includes the interval between the trial court's denial of

2

postconviction relief and timely filing of an appeal from the denial, Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000), but not the time between the date direct review concludes and the date an application for state postconviction relief is filed." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002, cert. denied, 539 U.S. 933 (2003).

Petitioner's Rule 24.035 motion, however, was "pending" during the entire appeal period until the mandate (Petitioner's Exhibit A) was filed by the Missouri Court of Appeals on January 7, 2004. See Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002); Williams v. Blumer, 763 S.W.2d 242, 245-46 (Mo. Ct. App. 1988)(an appeal remains pending until the appellate court issues its mandate).

Even if the time during which petitioner's Rule 24.035 motion and appeal were pending tolls the running of the one-year statute of limitations, 50 days passed between January 23, 2002, and September 11, 2001, the date he filed his Rule 24.035 motion. Then 341 days passed between January 7, 2004, and December 13, 2004, the date that petitioner filed the federal petition in this case. Therefore, a total of 391 days passed without tolling between July 13, 2001, and December 13, 2004.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is dismissed with prejudice as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)and (2).

     /s/ Gary A. Fenner
     GARY A. FENNER
     UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   5/27/05  .

3

Case 4:04-cv-01126-GAF   Document 8   Filed 05/27/05   Page 3 of 4